# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) )   3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

| | |
|---|---|
| *Tracey Alimenti v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:10-cv-13403-DRH-PMF |
| *Tarah M. Aly v. Bayer Corporation, et al.* | No. 3:12-cv-11309-DRH-PMF |
| *Alyssa Anderson-Ruff, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:11-cv-10221-DRH-PMF |
| *Hayden N. Baird v. Bayer Corporation, et al.* | No. 3:13-cv-10364-DRH-PMF |
| *Leslie Baugh v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:11-cv-10469-DRH-PMF |
| *Kori Berdahl v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:13-cv-10443-DRH-PMF |
| *Dawn Marie Bergold v. Bayer Corporation, et al.* | No. 3:11-cv-12517-DRH-PMF |
| *Angela Billings v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:11-cv-12076-DRH-PMF |
| *Molly Bonner v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:10-cv-12172-DRH-PMF |
| *Tiffany Brown v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:10-cv-13395-DRH-PMF |
| *Kati Bryda v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:10-cv-13219-DRH-PMF |
| *Linda Cherie Buchanan v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:12-cv-10872-DRH-PMF |
| *Rachelle Bull v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:13-cv-10311-DRH-PMF |

| | |
|---|---|
| *Lacey Bunter v. Bayer Corporation, et al.* | No. 3:12-cv-11055-DRH-PMF |
| *Elizabeth Burnett v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:10-cv-12986-DRH-PMF |
| *Michelle Callahan v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:11-cv-11080-DRH-PMF |
| *Kelley Callesen v. Bayer Corporation, et al.* | No. 3:12-cv-11481-DRH-PMF |
| *Kayla Carlucci v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:10-cv-11077-DRH-PMF |
| *Aeelen Carrera-Ponce, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:11-cv-10640-DRH-PMF |
| *Nicole Case v. Bayer Schering Pharma AG* | No. 3:10-cv-10871-DRH-PMF |

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

**HERNDON, District Judge:**

On November 13, 2014, Bayer filed a motion to dismiss with prejudice, pursuant to Case Management Order 60 ("CMO 60"), the above captioned plaintiffs' claims for failure to submit complete Claim Package Materials.[1]

Pursuant to the Court's local rules, the plaintiffs had 30 days to file a responsive pleading. None of the above captioned plaintiffs filed a responsive pleading. At the expiration of the responsive pleading deadline, as is required under CMO 60, the motion was considered by Special Master Stephen Saltzburg.[2]

---

[1] Pursuant to the "Settlement Agreement," Exhibit A to CMO 60, plaintiffs enrolled in the Gallbladder Resolution Program are required to submit to the Claims Administrator all the Claim Package Materials identified in Section 3.03(a) of the Settlement Agreement. Section 3.01 of the Settlement Agreement fixed November 18, 2013 as the deadline for submission of a complete Claims Package. The subject motion asserts that the plaintiffs have failed to comply with this requirement.

[2] Section VIII of CMO 60 "appoints Professor Stephen Saltzburg as Special Master to hear motions to dismiss claims that fail to comply with the terms of the Agreement, and to recommend to this Court rulings on such motions, as specified in the Agreement" (Doc. 2739 p. 8).

2

On December 22, 2014, Special Master's Saltzburg's report and recommendation relating to the above captioned cases was docketed. In each case, Special Master Saltzburg found that the subject plaintiffs failed to comply with the requirements of CMO 60 and recommended that the subject plaintiffs' claims be dismissed with prejudice in accord with the requirements of CMO 60.

The parties were given 14 days to respond or object to Special Master Saltzburg's report and recommendation. The deadline for responding or objecting to the Special Master's report has expired. None of the above captioned plaintiffs have responded or objected.

Upon consideration of Bayer's motion to dismiss, the Special Master's report, and the requirements of CMO 60, the Court finds that the above captioned plaintiffs have failed to comply with CMO 60.

Accordingly, the claims of the above captioned plaintiffs are **DISMISSED WITH PREJUDICE**.

**FURTHER**, the Court directs the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 8th day of January, 2015.

David R. Herndon
2015.01.08
16:24:20 -06'00'

**United States District Judge**